Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/24/2025 09:09 AM CDT

- 856 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. LAWLER
Cite as 318 Neb. 856

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Jonathan M. Lawler, respondent.
___ N.W.3d ___

Filed April 24, 2025.    No. S-25-174.

Original action. Judgment of disbarment.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by the respondent, Jonathan M. Lawler, on March 7, 2025. The court accepts the respondent's voluntary surrender of his license to practice law and enters a judgment of disbarment.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the State of Nebraska on September 29, 2017. On March 7, 2025, the respondent filed a voluntary surrender of his license to practice law. The voluntary surrender states that on or about February 25, 2022, in the Fremont County, Iowa, district court, the respondent was convicted and found guilty in "Case No. FECR 8628" of first offense operating a motor vehicle while intoxicated for which crime he successfully completed a suspended sentence probationary rehabilitative program.

- 857 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. LAWLER
Cite as 318 Neb. 856

On June 13, 2022, pursuant to Neb. Ct. R. § 3-401.11(D), the respondent was administratively suspended from the practice of law in the State of Nebraska for failure to complete mandatory continuing legal education requirements for 2021 and for nonpayment of his mandatory membership assessment for 2022, see Neb. Ct. R. § 3-803(E)(1) (rev. 2022). While his license to practice law was administratively suspended, the respondent filed documents with the district court and appeared as counsel in the county court.

On May 23, 2024, in the district court for Douglas County, the respondent was convicted and found guilty of possession of a controlled substance, specifically dimethyltryptamine, in violation of Neb. Rev. Stat. § 28-416(1) (Cum. Supp. 2024). On July 29, the district court sentenced the respondent to probation for a period of 2 years. On or about July 1, in the county court for Douglas County, the respondent was convicted and found guilty in "CR# 24-5520" of disorderly conduct, a Class I misdemeanor. The respondent's probation was revoked by the district court on October 10.

For purposes of voluntarily surrendering his law license, the respondent does not challenge or contest that he violated his oath of office as an attorney licensed to practice law in the State of Nebraska, as provided by Neb. Rev. Stat. § 7-104 (Reissue 2022), and engaged in misconduct in violation of the following provisions of Neb. Ct. R. of Prof. Cond. § 3-508.4(a), (b), and (c).

The respondent states that, for purposes of this voluntary surrender, he freely and voluntarily consents to the entry of an order of disbarment and waives his right to notice, hearing, or appearance prior to the entry of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a

member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him. Further, the respondent has waived all proceedings against him in connection therewith. We further find that the respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration, the court accepts the respondent's voluntary surrender of his license to practice law, finds that the respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately.

The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2022) and Neb. Ct. R. §§ 3-310(P) (rev. 2023) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.